KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
BENJAMIN M. GLICKMAN, State Bar No. 247907
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 323-7355
 Fax:  (916) 324-8835
 E-mail:  Benjamin.Glickman@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANDSLIDE COMMUNICATIONS, INC. and JAMES V. LACY, IN HIS CAPACITY AS PRESIDENT OF LANDSLIDE COMMUNICATIONS, INC.,**<br><br>                                         Plaintiffs,<br><br>             v.<br><br>**STATE OF CALIFORNIA; KAMALA HARRIS, in her capacity as Attorney General of California; CALIFORNIA FAIR POLITICAL PRACTICES COMMISSION; ANN RAVEL, in her capacity as Chair of the Fair Political Practices Commission,**<br><br>                                         Defendants. | 2:13-cv-00716-GEB-KJN<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        November 4, 2013<br>Time:        9:00 a.m.<br>Dept:        10<br>Judge:       Hon. Garland E. Burrell, Jr.<br>Action Filed:  4/11/2013 |

Pursuant to Local Rule 260(b), Defendants State of California, Kamala Harris, in her official capacity as Attorney General of the State of California, the Fair Political Practices Commission, and Ann Ravel, in her official capacity as Chair of the Fair Political Practices Commission, submit the following Response to Plaintiffs' Statement of Undisputed Facts in support of their Motion for Summary Judgment (Document No. 25-5):

| UNDISPUTED FACT | RESPONSE/EVIDENCE |
|---|---|
| 1.   Defendant Fair Political Practices Commission (the "FPPC") is the California state agency responsible for the administration and implementation of the Political Reform Act of 1974, as amended (the "PRA"). (Cal. Govt. Code sections 83100 & 83111.) | Admit as rephrased:  Defendant Fair Political Practices Commission (the "FPPC") has primary responsibility for the impartial, effective administration and implementation of the Political Reform Act of 1974, as amended (the "PRA").<br><br>Evidence:  Cal. Gov't Code §§ 83100 & 83111. |
| 2.   The FPPC is charged with investigating possible violations of the PRA and bringing enforcement proceedings when it determines there is probable cause to believe a PRA violation has occurred. (Cal. Govt. Code sections 83115 - 83116.) | Admit as rephrased:  The FPPC is charged with investigating possible violations of the PRA and may bring an enforcement action if it determines there is probable cause to believe a PRA violation has occurred.<br><br>Evidence:  Cal. Gov't Code §§ 83115- 83116. |
| 3.   The California Attorney General is responsible for enforcing the PRA's criminal provisions. (Cal. Govt. Code section 91001.) | Admit as rephrased:  The California Attorney General is responsible for enforcing the PRA's criminal provisions with respect to state agencies, lobbyists and state elections.<br><br>Evidence:  Cal. Gov't Code § 91001. |
| 4.   Senate Bill 488 ("SB 488") was passed by the California State Legislature on August 21, 2012 and subsequently signed into law by the Governor of California on September 30, 2012; it is codified as California Government Code section 84305.7. (Hertz Decl., 8:19-20; Exhibit 3, pages 6-8.) | Admit. |

2

Defendants' Response to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment
(2:13-cv-00716-GEB-KJN)

| UNDISPUTED FACT | RESPONSE/EVIDENCE |
|---|---|
| 5.  Section 84305.7(c) states "If a slate mailer organization sends a slate mailer or other mass mailing that identifies itself or its source material as representing a nongovernmental organization with a name that includes the term "peace officer," "reserve officer," "deputy," "deputy sheriff," "sheriff," "police," "highway patrol," "California Highway Patrol," "law enforcement," "firefighter," "fire marshal," "paramedic," "emergency medical technician," "public safety," or any other term that would reasonably be understood to imply that the organization is composed of, or affiliated with, law enforcement, firefighting, emergency medical, or other public safety personnel, the slate mailer or mass mailing shall disclose on the outside of each piece of mail and on at least one of the inserts included with each piece of mail in no less than 12-point roman type, which shall be in a color or print that contrasts with the background so as to be easily legible, the total number of members in the organization identified in the slate mailer or mass mailing." (Cal. Govt. Code section 84305.7(c).) | Admit. |
| 6.  A "slate mailer" is a "mass mailing which supports or opposes a total of four or more candidates or ballot measures. (Cal. Govt. Code section 82048.3.) | Admit. |
| 7.  A "slate mailer organization" is a "any person who, directly or indirectly does all of the following: (1) Is involved in the production of one or more slate mailers and exercises control over the selection of the candidates and measures to be supported or opposed in the slate mailers [and;] (2) Receives or is promised payments totaling five hundred dollars ($500) or more in a calendar year for the production of one or more slate mailers. . . ." (Cal Govt. Code section 82048.4.) | Admit. |
| 8.  Plaintiffs' California Public Safety Voter Guide is a slate mailer organization.  It is involved in the production of one or more slate mailers, exercises control over the selection of candidates and measures found in the slate mailers, and receives payments totaling five hundred dollars ($500) or more in a calendar year to produce slate mailers. (Lacy Decl., 7:3-17.) | Admit. |

3

| UNDISPUTED FACT | RESPONSE/EVIDENCE |
|---|---|
| 9. Plaintiffs' "California Public Safety Newsletter and Voter Guide" is a slate mailer. It is a mass mailing which supports or opposes four or more candidates and/or ballot measures. (Lacy Decl., 9:1-9, Exhibit C.) | Admit. |
| 10. Plaintiff Landslide Communications, as a California corporation, and Plaintiffs' California Public Safety Voter Guide, as a slate mailer organization, do not have any members and are not membership organizations. (Lacy Decl., 2:5-8.) | Admit as rephrased: Plaintiff Landslide Communications, as a California corporation and slate mailer organization, and Plaintiffs' California Public Safety Voter Guide, as a slate mailer organization, do not have any members and are not membership organizations.<br><br>Evidence: Lacy Decl., 2:5-8, 17-21; 5:22-6:3; 6:9-25; 7:17-8:8.) |
| 11. Plaintiff James V. Lacy is an individual, and therefore cannot be an organization comprised of members. (Lacy Decl., 2:1-6.) | Admit. |
| 12. Were Plaintiffs to publish the "California Public Safety Newsletter and Voter Guide" without complying with Section 84305.7(c), they would face administrative, civil or criminal penalties. (Hertz Decl., 5:18-20.) | Admit as rephrased: Were Plaintiffs to publish the "California Public Safety Newsletter and Voter Guide" without complying with Section 84305.7(c), they could face administrative, civil or criminal penalties.<br><br>Evidence: Cal. Gov't Code §§ 83115-83116; 91001. |
| 13. Plaintiffs did not produce their Public Safety Newsletter and Voter Guide in 2013 due to the threat of administrative, civil or criminal penalties. (Lacy Decl., 5:11-20; Hertz Decl., 11:15-26, Exhibit 8.) | Admit.<br><br>Objection to Hertz Decl., 11:15-26 on grounds that Mr. Hertz's conclusion lacks foundation, and is irrelevant, speculative, and not based on personal knowledge. Fed. R. Evid. 401, 402, 403 602 |
| 14. The FPPC and the Attorney General's office would be the parties responsible for investigating, and possibly bringing administrative, civil or criminal charges against Plaintiffs if Plaintiffs violate Government Code Section 84305.7(c). (Hertz Decl., 5:18-20, 13:7.) | Admit. |

4

Defendants' Response to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment
(2:13-cv-00716-GEB-KJN)

| UNDISPUTED FACT | RESPONSE/EVIDENCE |
|---|---|
| 15.  Plaintiffs do not wish to publish "the total number of members" on any piece of slate mail they distribute, and as such, this disclosure is compelled speech and Plaintiffs believe their free speech rights are being chilled. (Lacy Decl., 5:19-20, 9:12-27.) | Admit as rephrased: Plaintiffs do not wish to publish "the total number of members" on any piece of slate mail they distribute." (Lacy Decl., 5:19-20.)<br><br>Objection to Lacy Decl., 9:12-27 on grounds it is an inadmissible opinion of a lay witness and conclusion of law. |
| 16.  The Bill Analysis prepared for the July 5, 2011 hearing of the California State Assembly Committee on Elections and Redistricting highlighted the potential constitutional challenges of SB 488. (Hertz Decl., 7:4- 8:2.) | Admit as rephrased: The Bill Analysis prepared for the July 5, 2011 hearing of the California State Assembly Committee on Elections and Redistricting discussed the potential constitutional challenges of SB 488.<br><br><u>Evidence</u>: Hertz Decl., 7:4- 8:2. |
| 17.  On August 10, 2011, Plaintiffs' counsel sent a letter addressing the constitutional deficiencies of SB 488 to the members of the California State Assembly Committee on Appropriations. (Hertz Decl., 8:3 -12, Exhibit 5, pages 1-5.) | Admit. |
| 18.  On September 21, 2012, after Senate Bill 488 had been passed by the Legislature, but before it had been signed in to law, Plaintiffs' counsel sent a letter to the Governor again addressing the constitutional deficiencies of the law. (Hertz Decl., 8:13-17, Exhibit 5, pages 6-8.) | Admit. |

Dated:  September 19, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


        /s/ Benjamin M. Glickman
BENJAMIN M. GLICKMAN
Deputy Attorney General

*Attorneys for Defendants*

SA2013111001
11172503.doc

5

Defendants' Response to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment
(2:13-cv-00716-GEB-KJN)